1

2

3              **UNITED STATES DISTRICT COURT**

4            **NORTHERN DISTRICT OF CALIFORNIA**

5                 **SAN JOSE DIVISION**

6

7   MARIA DE LOURDES REYES LOPEZ,        Case No.  5:24-cv-02374-BLF

8              Plaintiff,

9          v.                           **ORDER GRANTING DEFENDANT'S**
                                        **MOTION FOR SUMMARY**
10  EUROMARKET DESIGNS, INC.,           **JUDGMENT**

11             Defendant.               [Re:  ECF No. 42]

12

<div style="float:left">United States District Court<br>Northern District of California</div>

13         Plaintiff Maria de Lourdes Reyes Lopez commenced this personal injury action for general

14   negligence under California law in the Superior Court of the State of California in and for the

15   County of Santa Clara against Defendant Euromarket Designs, Inc., d/b/a Crate & Barrel

16   Holdings, Inc.; Defendant subsequently removed this case to the U.S. District Court for the

17   Northern District of California based on diversity jurisdiction.  Notice of Removal, ECF 1.

18   Defendant moves for summary judgment.  *See* ECF 42 ("Mot.").  In its motion, Defendant argues

19   that Plaintiff cannot meet her burden of proof to show a triable issue of fact as to whether

20   Defendant had actual or constructive notice of a hazardous condition of property.  *Id.* at 6.

21   Plaintiff has not filed an opposing brief.  Finding the motion suitable for resolution without oral

22   argument, the Court vacated the hearing set for October 1, 2025, on September 29, 2025, per

23   Rule 7-1(b) of the local rules.  ECF No. 45.

24         For the reasons discussed below, the Court GRANTS Defendant's motion.

25   **I.    BACKGROUND**

26         On October 10, 2021, Plaintiff was shopping in the Crate & Barrel store owned and

27   managed by Defendant with her 14-year-old son.  *See* Declaration of Todd C. Worthe ("Worthe

28   Decl."), ECF 42-1 Ex. A ("Lopez Deposition Tr."), at 34:10–25.  While walking through a small

1    hallway behind a sofa on the showroom floor, Plaintiff tripped and fell on the ground.  Although

2    she did not observe them prior to falling, she testified that she observed long, loose electrical cords

3    in and around the area in which she fell after the incident.  *Id.* at 35:9–36:14; ECF 1-2 ("Compl."),

4    at 4.

5    　　　　Plaintiff testified that she had walked in front of the same sofa earlier.  Lopez Deposition

6    Tr. at 37:2–5, and that her son was the only witness to the alleged incident, *id.* at 34:24–25.  That

7    same day, Plaintiff took a photograph of the alleged area of the sofa and reported the alleged

8    incident to Defendant's staff.  *Id.* at 36:15–17; Worthe Decl. Ex. B.  Defendant employs personnel

9    on the sales floor whose responsibilities include monitoring the area for potential hazards, and

10   personnel did not report any hazards prior to the alleged incident around the location of the alleged

11   incident.  Worthe Decl. Ex. C ("Flores Decl.") ¶¶ 9–10.  Defendant did not receive any complaints

12   about loose electrical wires or hazardous conditions in the area of Plaintiff's injury on or prior to

13   the day of the alleged incident, except for Plaintiff's.  *Id*. ¶ 6.

## II.    LEGAL STANDARD

15   　　　　Federal Rule of Civil Procedure 56 governs motions for summary judgment.  Summary

16   judgment is appropriate if the evidence and all reasonable inferences in the light most favorable to

17   the nonmoving party "show that there is no genuine issue as to any material fact and that the

18   moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317,

19   322 (1986).  The moving party "bears the burden of showing there is no material factual dispute,"

20   *Hill v. R+L Carriers, Inc.*, 690 F.Supp.2d 1001, 1004 (N.D. Cal. 2010), by "identifying for the

21   court the portions of the materials on file that it believes demonstrate the absence of any genuine

22   issue of material fact."  *T.W. Elec. Serv. Inc. v  Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630

23   (9th Cir. 1987).  A fact is "material" if it "might affect the outcome of the suit under the governing

24   law," and a dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable

25   trier of fact to decide in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

26   242, 248 (1986).

27   　　　　Where the moving party will have the burden of proof on an issue at trial, it must

28   affirmatively demonstrate that no reasonable trier of fact could find other than for the moving

United States District Court
Northern District of California

1    party.  *Celotex*, 477 U.S. at 325; *see also Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984

2    (9th Cir. 2007).  By contrast, where the moving party does not have the burden of proof on an

3    issue at trial, it "must either produce evidence negating an essential element of the nonmoving

4    party's claim or defense or show that the nonmoving party does not have enough evidence of an

5    essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins.*

6    *Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

7            Once the moving party meets its initial burden, the nonmoving party must set forth, by

8    affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue

9    for trial."  *Liberty Lobby*, 477 U.S. at 250 (internal quotation marks omitted).  In determining

10   whether a genuine issue of material fact exists, "[t]he evidence of the non-movant is to be

11   believed, and all justifiable inferences are to be drawn in his favor."  *Id.* at 255 (citation omitted).

12   If the nonmoving party's "evidence is merely colorable, or is not significantly probative, summary

13   judgment may be granted."  *Id.* at 249–50 (internal citations omitted).  Mere conclusory,

14   speculative testimony in affidavits and moving papers is also insufficient to raise genuine issues of

15   fact and defeat summary judgment.  *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738

16   (9th Cir. 1979).  For a court to find that a genuine dispute of material fact exists, "there must be

17   enough doubt for a reasonable trier of fact to find for the [non-moving party]."  *Corales v. Bennett*,

18   567 F.3d 554, 562 (9th Cir. 2009).

19   **III.    DISCUSSION**

20          Defendant argues that Plaintiff fails to raise a triable issue of fact whether Defendant had

21   notice of the loose electrical cords that allegedly caused Plaintiff's injury. Mot. at 12–13[1]  Under

22   California law, a premises-liability duty claim requires the plaintiff to prove a legal duty of care,

23   breach of that duty, and proximate cause resulting in injury.  *May v. Northrop Grumman Sys.*

24

25          [1] In the alternative, Defendant argues that, if the Court determines that it was on actual or
26   constructive notice of the loose electrical cords, the image that Plaintiff captured after the incident
     demonstrates a positioning of cords that could be considered an open and obvious condition as a
27   matter of law, thus negating any liability for negligence.  Mot. at 15 (citing *Martinez v. Chippewa Enter., Inc.*, 121 Cal. App. 4th 1179, 1184 (2004)).  Because the Court agrees with Defendant that
28   the Plaintiff has not met her burden to create a triable issue of fact whether Defendant had notice
     of the loose electrical cords, it need not address this argument.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    *Corp.*, 680 F. App'x 556, 559 (9th Cir. 2017) (nonprecedential).  The plaintiff must also prove by

2    a preponderance of evidence that the owners of the premise on which the plaintiff was injured had

3    actual or constructive notice of the dangerous condition in enough time to correct it before the

4    harm was suffered.  *Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1205 (2001).  Defendant argues that

5    there is no genuine dispute of material fact whether it had actual or constructive notice of the loose

6    electrical cords.

7         In connection with its motion for summary judgment, Defendant has submitted a sworn

8    declaration by Ms. Flores, a store leader for the store where the alleged incident occurred.  Flores

9    Decl. ¶¶ 1–2.  Ms. Flores states that Defendant was not on notice of any loose power cords or

10   other obstructions in the immediate area of Plaintiff's alleged injury on October 10, 2021, and that

11   during its investigation, Defendant's review of surveillance footage for the store did not show

12   evidence of the alleged condition existing prior to the incident.  *Id.* ¶ 8.  She further states that

13   Defendant's employees are trained to continuously monitor conditions on the sales floor and to

14   promptly report hazardous conditions and that no such reports were filed on October 10, 2021.  *Id.*

15   ¶¶ 9–10.

16        Ms. Flores' declaration negates an essential element of Plaintiff's negligence claim, and

17   Defendant thus has met its initial burden as party moving for summary judgment.  Namely,

18   Ms. Flores' declaration demonstrates that there is no evidence of a preexisting hazard, let alone

19   evidence of that condition existing for long enough to require Defendant to correct it.  That

20   Plaintiff's photograph shows loose electrical cords behind a display sofa is insufficient to defeat

21   Defendant's motion for summary judgment.  In fact, even if the Court were to infer that the

22   photograph supports an inference that the photograph established the existence of a hazardous

23   condition prior to the alleged incident—an inference Plaintiff has not asked the Court to make—

24   judgment for Defendant would still be required because there is no evidence at all in the record

25   that creates a genuine factual dispute as to whether the alleged hazardous condition had existed

26   long enough to put Defendant on notice.  *Ortega*, 26 Cal. at 1212; *see also Louie v. Hagstrom's*

27   *Food Stores*, 81 Cal. App. 2d 601, 606 (1947).  Plaintiff has not responded to the motion, let alone

28   by pointing to "specific facts showing that there is a genuine issue for trial," *Liberty Lobby*,

1    477 U.S. at 25.  There is accordingly no genuine dispute of material fact as to whether Defendant

2    was on notice of the alleged hazardous condition on its premises, and Plaintiff thus as a matter of

3    law cannot prevail on her claim.

4    **IV.    ORDER**

5              For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion for

6    Summary Judgment is GRANTED.

8    Dated:  October 7, 2025

9    _____

10   BETH LABSON FREEMAN
     United States District Judge

United States District Court
Northern District of California

5