**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

|  |  |
|---|---|
| MARIA DE LOURDES REYES LOPEZ, | Case No.  24-cv-02374-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO SET ASIDE JUDGMENT** |
| EUROMARKET DESIGNS, INC., | [Re:  ECF No. 51] |
| Defendant. | |

On October 7, 2025, the Court entered judgment in favor of Defendant Euromarket Designs, Inc., d/b/a Crate & Barrel Holdings, Inc. ("Defendant") on its unopposed motion for summary judgment.  ECF No. 46.  Plaintiff Maria de Lourdes Reyes Lopez ("Plaintiff") now moves to set aside judgment under Federal Rule of Civil Procedure 60(b).  ECF No. 51 ("Mot"); *see also* ECF No. 53 ("Reply").  Defendant opposes the motion.  ECF No. 52 ("Opp.").  The Court carefully reviewed the parties' briefs and heard argument on February 26, 2026.  For the reasons summarized by the Court on the record and explained below, the motion is GRANTED.

## I.    BACKGROUND

On August 27, 2025, Defendant moved for summary judgment.  ECF No. 42.  Defendant did not serve its motion on Plaintiff by email, but Plaintiff's counsel received electronic notification from PACER.  Heath Decl. ¶¶ 4, 10, ECF No. 51-1; *see also* Mot. at 9.  Plaintiff's opposition was due September 10, 2025, and a hearing was set for October 1, 2025, the last day to hear dispositive motions per the Court's order on August 18, 2025.  ECF Nos. 41–42.  The Court clarified the date and time for Defendant's motion on August 28, 2025.  ECF No. 44. Nevertheless, Defendant's motion went unopposed.  Accordingly, the Court vacated the hearing date on September 29, 2025, ECF No. 45, and granted Defendant's motion for summary judgment on October 7, 2025, ECF Nos. 46–47.

One month later, on November 7, 2025, Plaintiff filed this Motion to Set Aside Judgment. ECF No. 51. Plaintiff's counsel, Cherilynn C. Heath, attests that neither she nor anyone at her law firm reviewed the PACER notifications or docket until after seeing that the case was dismissed. Heath Decl. ¶¶ 7–10. Ms. Heath had incorrectly assumed that the PACER notifications pertained to settlement negotiations and believed that Defendant would have served any dispositive motion by email since prior documents had been served that way. *See id.* ¶¶ 12–13, 15, 30. Ms. Heath was apparently also travelling when Defendant filed its motion for summary judgment, when the Court clarified the date and time for the hearing, and when the Court vacated the hearing. *See id.* ¶¶ 6, 17.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

"'[E]xcusable neglect' covers negligence on the part of counsel." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000); *see also Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009). "[W]hether neglect is excusable is an equitable [determination] that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman*, 231 F.3d at 1223 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Prejudice to the movant is also a "relevant circumstance[] that should be considered when evaluating excusable neglect." *Lemoge*, 587 F.3d at 1195 (quote marks omitted).

## III.    DISCUSSION

Plaintiff moves for relief under Rule 60(b) claiming mistake, surprise, and excusable neglect on the part of counsel. Mot. at 5–9. Defendant argues that counsel's neglect was not excusable because service was adequate and not opening the e-mail from PACER was a failure of

United States District Court
Northern District of California

2

basic professional diligence.  Opp. at 3–5.  Defendant also argues that reopening the case would be futile because the Court resolved the motion for summary judgment on the merits.  Opp. at 5–6. For the reasons explained at the hearing and discussed below, the Court grants Plaintiff's Rule 60(b) motion.

### A.    Prejudice

Plaintiff argues that the only prejudice Defendant would suffer is the loss of a quick victory, whereas she would lose the opportunity to oppose summary judgment and pursue her claim.  Mot. at 8.  Defendant responds that it would be prejudiced because it successfully litigated the case through a dispositive motion that was decided on the merits.  Opp. at 2.

The Ninth Circuit has held that the prejudice from "los[ing] a quick victory" and potentially having to "reschedule [a] trial date" is "minimal . . . [and] insufficient to justify denial of relief under Rule 60(b)(1)."  *Bateman*, 231 F.3d at 1225.  Defendant has not identified any other prejudice here at issue.  By comparison, Plaintiff would lose the opportunity to oppose summary judgment and pursue her claim if the Court denies her motion.  *Cf. Lemoge*, 587 F.3d at 1196 (recognizing that plaintiffs "would endure the ultimate prejudice of being forever barred from pursuing their claims" when the statute of limitations barred re-filing).  On these facts, the prejudice factor weighs in Plaintiff's favor.

### B.    Length of Delay and Potential Impact on Judicial Proceedings

Plaintiff's deadline to oppose summary judgment was September 10, 2025.  ECF No. 42. She filed this motion on November 7, 2025.  ECF No. 51.  This 58-day delay, and its potential impact on the proceedings, is minimal.  It is well-within the period required by Rule 60(c) and comparable to the delay of "a little more than one month" in *Bateman* that the Ninth Circuit said weighed in the movant's favor.  *See* 231 F.3d at 1225; *see also Lemoge*, 587 F.3d at 1197 (determining that a seven-month delay was not an unreasonable time under the totality of the circumstances).

### C.    Reason for Delay and Good Faith

Ms. Heath admits that she received email notifications from PACER and that she did not review them.  *See* Heath Decl. ¶¶ 10, 13, 30; *see also* Mot. at 9.  Electronic service via PACER is

United States District Court
Northern District of California

all that is required under the law and counsel must monitor such communications, as well as the docket, particularly when the final day to hear dispositive motions is approaching. By failing to do so, Ms. Heath "showed a lack of regard for [her] client's interests and the court's docket" by assuming that the notifications did not require her attention and failing to review them after her trips. *Bateman*, 231 F.3d at 1225.

Nevertheless, "'excusable neglect' covers negligence on the part of counsel." *Bateman*, 231 F.3d at 1223; *see also Lemoge*, 587 F.3d at 1192. In *Bateman*, the Ninth Circuit said this applied when counsel was informed that defendants would move for summary judgment and yet left the country without arranging for the motion to be opposed. *See* 231 F.3d at 1222–23, 1225. Although this "reason [was] . . . weak," the Ninth Circuit decided that counsel's "errors resulted from negligence and carelessness, not from deviousness or willfulness." *Id.* at 1225. Likewise, here there is no evidence that Ms. Heath acted with anything but good faith, as she attests that she was surprised when she learned that the case was dismissed and she filed this motion shortly thereafter. *See* Heath Decl. ¶¶ 7–8, 15. Thus, under the Ninth Circuit's decision in *Bateman*, counsel's conduct—even if negligent—does not warrant denial of Plaintiff's Rule 60(b) motion.

### D. Futility

Alternatively, Defendant argues that the Court should deny Plaintiff's motion because reopening the case would be futile since the Court granted summary judgment in a reasoned decision, rather than on default judgment. Opp. 5–6. Plaintiff argues that there are triable issues of fact in evidence. Reply at 10–11. The Court will not deny Plaintiff's motion on this basis. Futility is not among the *Pioneer* factors and Defendant has not provided any authority showing that it may properly be considered on a Rule 60(b) motion. Plaintiff's argument that triable issues of fact exist will be considered in the natural course of summary judgment.

### IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Plaintiff's Rule 60(b) Motion to Set Aside Judgment, ECF No. 51, is GRANTED. The Court's Order Granting Defendant's Motion for Summary Judgment, ECF No. 46, and Judgment, ECF No. 47, are VACATED and the case is REOPENED.

4

United States District Court
Northern District of California

(2) The parties are ORDERED to respond to Defendant's Motion for Summary Judgment, ECF No. 42, as follows:

    a. Plaintiff SHALL file her response by March 12, 2026.

    b. Defendant SHALL file its reply by March 19, 2026.

    c. The motion will be heard on April 9, 2026, at 9:00 a.m. in person in Courtroom 1 of the San Jose District Court, 280 S. First Street, San Jose, California 95113.

(3) The Order Granting Joint Proposed Scheduling Order, ECF No. 21, is MODIFIED as follows:

    a. The Final Pretrial Conference SHALL be held on July 9, 2026, at 1:30 p.m.

    b. The Trial Date SHALL be July 20, 2026, at 9:00 a.m.

Dated:  February 27, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California