United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MARIA DE LOURDES REYES LOPEZ, | Case No. 5:24-cv-02374-BLF |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR SUMMARY JUDGMENT** |
| EUROMARKET DESIGNS, INC., | [Re: ECF No. 42] |
| Defendant. | |

Plaintiff Maria de Lourdes Reyes Lopez commenced this personal injury action for general negligence under California law in state court against Defendant Euromarket Designs, Inc., d/b/a Crate & Barrel Holdings, Inc. ("C&B"), *see* ECF No. 1-2 ("Compl."), after which the case was removed based on diversity jurisdiction. ECF No. 1. C&B moves for summary judgment. ECF No. 42 ("Mot."); ECF No. 60 ("Reply"). The Court previously granted the motion after Ms. Lopez failed to file an opposition brief. ECF No. 46 ("Order"). After obtaining relief from the judgment, *see* ECF No. 58, Ms. Lopez filed an opposition brief. ECF No. 59 ("Opp."). The Court finds the matter suitable for decision without oral argument and VACATES the hearing set for April 9, 2026. *See* Civ. L.R. 7-1(b).

For the following reasons, the motion is DENIED.

**I. BACKGROUND**

On October 10, 2021, Ms. Lopez was shopping at a store owned and managed by C&B with her 14-year-old son. *See* ECF No. 42-1 Ex. A ("Lopez Deposition Tr."), at 34:10–25. While walking through a small hallway behind a sofa on the showroom floor, Ms. Lopez tripped and fell on the ground. Although she did not observe them prior to falling, she testified that she observed long, loose electrical cords in and around the area in which she fell after the incident. *Id.* at 35:9–

36:14; Compl. at 4.

Ms. Lopez testified that she had walked in front of the same sofa earlier. Lopez Deposition Tr. at 37:2–5, and that her son was the only witness to the alleged incident, *id.* at 34:24–25. That same day, Ms. Lopez took a photograph of the alleged area of the sofa and reported the alleged incident to C&B staff. *Id.* at 36:15–17; *see also* ECF No. 42-1 Ex. B. C&B employs personnel on the sales floor whose responsibilities include monitoring the area for potential hazards, and personnel did not report any hazards prior to the alleged incident around the location of the alleged incident. ECF No. 42-1 Ex. C ("Flores Decl.") ¶¶ 9–10. C&B did not receive any complaints about loose electrical wires or hazardous conditions in the area of Ms. Lopez's injury on or prior to the day of the alleged incident, except for Ms. Lopez's. *Id.* ¶ 6.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if the evidence and all reasonable inferences in the light most favorable to the nonmoving party "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party "bears the burden of showing there is no material factual dispute," *Hill v. R+L Carriers, Inc.*, 690 F.Supp.2d 1001, 1004 (N.D. Cal. 2010), by "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." *T.W. Elec. Serv. Inc. v Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Celotex*, 477 U.S. at 325; *see also Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). By contrast, where the moving party does not have the burden of proof on an issue at trial, it "must either produce evidence negating an essential element of the nonmoving

United States District Court
Northern District of California

party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

Once the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 250 (internal quotation marks omitted).  In determining whether a genuine issue of material fact exists, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citation omitted).  If the nonmoving party's "evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (internal citations omitted).  Mere conclusory, speculative testimony in affidavits and moving papers is also insufficient to raise genuine issues of fact and defeat summary judgment.  *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).  For a court to find that a genuine dispute of material fact exists, "there must be enough doubt for a reasonable trier of fact to find for the [non-moving party]." *Corales v. Bennett*, 567 F.3d 554, 562 (9th Cir. 2009).

### III.    DISCUSSION

C&B argues that Ms. Lopez fails to raise a triable issue of fact whether C&B had constructive or actual notice of the cords that allegedly caused her injury.  Beginning with the issue of notice, a premises-liability claim requires the plaintiff to prove by a preponderance of evidence that the owner of the premises on which the plaintiff was injured had actual or constructive notice of the dangerous condition in enough time to correct it before the harm was suffered.  *Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1205 (2001).  In connection with its motion for summary judgment, C&B has submitted a sworn declaration by Ms. Flores—a store leader for the store where the alleged incident occurred—stating that C&B was not on notice of any loose power cords or other obstructions in the immediate area of the alleged injury, that during its investigation, C&B's review of surveillance footage for the store did not show evidence of the alleged condition existing prior to the incident, and that no hazard reports were filed on the date of the incident.  Flores Decl. ¶¶ 1–2, 8.  Ms. Flores' declaration negates an essential element of

United States District Court
Northern District of California

Ms. Lopez's negligence claim, and C&B thus has met its initial burden as party moving for summary judgment.

The Court previously granted summary judgment for C&B because Ms. Lopez failed to respond to the motion and there was accordingly "no evidence at all in the record that creates a genuine factual dispute as to whether the alleged hazardous condition had existed long enough to put Defendant on notice." Order at 4. This time around, however, Ms. Lopez has submitted a sworn declaration averring that immediately following the alleged fall she saw "a female employee about 10 feet away." ECF No. 59-3 ¶ 7. Whether that employee was aware or should have been aware of the alleged hazardous condition creates a factual dispute on the issue of notice, and in the presence of such a disputed factual issue, C&B is no longer entitled to judgment as a matter of law. C&B nonetheless urges the Court to ignore Ms. Lopez's "self-serving, post-deposition . . . newly minted memory that[] . . . she saw a female employee," citing the "general rule in the Ninth Circuit . . . that a party cannot create an issue of fact by an affidavit contradicting [her] prior deposition testimony." Reply at 3 (quoting *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991)). While the Court agrees that a contradictory post-deposition affidavit would not create an issue of fact, C&B concedes that here, Ms. Lopez's statement "does not outright *negate* her prior testimony." *Id.* Issues such as whether the statement is credible or whether Ms. Lopez's memory was refreshed by "the prospect of dismissal" of this action, *id.*, are fact issues that are the province of the jury, not the Court during the summary judgment stage.

Having concluded that factual disputes going to the issue of notice precludes summary judgment for C&B, the Court turns to C&B's argument in the alternative that "the cords as pictured *post-incident* can be considered an open and obvious condition as a matter of law." Mot. at 15. The Court finds this argument, which simultaneously posits that C&B's staff was not on actual or constructive notice of the cords but that the positioning of the cords was simultaneously "so obvious that a person could reasonably be expected to see it," unpersuasive. *Id.* In any event, at this posture of the case the Court is not, as C&B suggests, in a position such that it "should be able to conclude that the condition was open and obvious, such that Ms. Lopez would be reasonably expected to see and avoid it." *Id.* at 16. As Ms. Lopez correctly points out, how a

reasonable person should have acted in these circumstances is a quintessentially fact-based question that is best left to the jury.  *See* Opp. at 20 (citing *Chance v. Lawry's, Inc.*, 58 Cal. 2d 368, 374–76 (1962)).  On this basis, the Court concludes that there are disputed issues of fact precluding a grant of summary judgment.

**IV.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that C&B's motion for summary judgment is DENIED.

Dated:  April 1, 2026

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

5